Pearson, J.,
 

 after stating the case as above set forth, proceeded : — His Honor dissolved the injunction, we suppose, on the ground that the ..plaintiff’s
 
 “
 
 equity was denied” by the averment that the
 
 “ defendants had not cut a tree, or got any timber on the plaintiff’s
 
 landand that, in regard to the allegation of insolvency, the answer was full, because, if the plaintiff had sus*
 
 *41
 
 tained no damage, it was a matter of indifference whether the defendant were solvent of insolvent.
 

 His Honor fell into error by not adverting to the distinction, which we have attempted to point out in
 
 Capehart
 
 v.
 
 Mhoon,
 
 decided at this term, between injunctions to stay the collection of money on a judgment recovered at law, and injunctions to stay waste, or injuries in the nature of waste, where the damages are irreparable. In the one, the injunction is dissolved, as a matter of course, upon the coming in of the answer, unless the equity is confessed; or, according to our practice, unless the answer is defective in not responding to a material allegation, or is unfair or evasive, so that exceptions to it would be sustained. In the other, a different rule is acted on, and inasmuch as to dissolve the injunction would be to allow the injury to be done, (and in the forcible words of one of the Chancellors,
 
 ce
 
 a tree that is cut down, cannot be made to grow again, ’ ’) where the plaintiff fails to elicit from the defendant a discovery, which admits the allegations of the bill, the bill is allowed to be read as an affidavit on the part of the plaintiff. And if, upon the whole case, the matter is left doubtful, the injunction will be continued until the hearing, so as to give the plaintiff a chance to support his allegation by proof, before a thing, the consequence of which is irreparable, is allowed to be done.
 

 “
 
 For the purpose of opposing a motion to dissolve the common injunction, affidavits are never allowed to be read to contradict the answer. A distinction was however adopted at a very early period, in regard to injunctions restraining certain wrongful acts of a special nature, as distinguished from the common injunction for staying proceedings at law. ”
 
 “
 
 And it may be stated to be, at the present day, the settled practice to permit affidavits to be read in opposition to the answer, at certain stages of the proceedings, in cases of
 
 waste, and of injuries in the nature of waste
 
 ; for the mischief is irreparable ; the timber, if cut, cannot be set up again :— in other words, the mischief, if permitted, cannot be retrieved.” Drewry on Injunctions, 429. In accordance with this principle, which is a very plain and just one, it wasv held in
 
 McDaniel
 
 v.
 
 Stoker,
 
 5 Ire. Eq., 274, and
 
 Griffin
 
 v.
 
 Carter, Ibid,
 
 413, that upon a motion to dissolve an order restraining the defendant from
 
 *42
 
 running slaves out of this State, the bill might be read as an affidavit ; and as it appeared,
 
 “
 
 taking the whole together,” that the question was doubtful, inasmuch as the slaves were within the control of the Court, they should be kept so, until the matter was decided at the hearing. For, if the injunction was dissolved, the slaves would be carried to parts unknown, and the injury to the plaintiff, if he succeeded at the hearing, would then be irreparable. So, in
 
 Purnell
 
 v.
 
 Daniel,
 
 8 Ire. Eq., 19, a motion to dissolve an injunction restraining the defendant from cutting a ditch, was refused, although the defendant denied the plaintiff’s whole equity, and the plaintiff had no proof whatever; but the Court allowed the bill to be read as an affidavit, and it appearing that it was a case of disputed boundary, the motion was. refused — so as to give the plaintiff a chance to prove his allegations at the hearing. For if the defendant had been allowed to cut the ditch, the damage would have been done, and the plaintiff’s proof at the hearing could not
 
 undo it
 
 — in other words, the mischief, if allowed to be done, could not be retrieved. In
 
 Reed
 
 v.
 
 Kinnaman,
 
 Ibid, 18, the principle of allowing the bill to be read as an affidavit, in opposition to the answer, was extended to the case of an injunction restraining the defendant from suing out a writ of possession, after a recovery in ejectment. The application of the rule to such a case was doubtful, because of the judgment at law; but the Court extended the rule so as to include that case, on account of its very peculiar circumstances. An old man who had been living at a place for more than forty years, was about to be turned out of
 
 “
 
 house and home ” — all of the associations of his life were to be broken up — and the motion to dissolve was pressed, simply on the ground that the answer did not admit an allegation which was not charged to be within the knowledge of the defendant. Under these circumstances, the Court considered that the damage would be irreparable — that if he was turned out of possession, and should at the hearing establish his right, he could not be put
 
 in statu quo
 
 ; and upon that ground the bill was allowed to be read as an affidavit, in opposition to the answer, and the Court refused to allow him to be turned out of possession, until he had an opportunity of proving his allegations at the hearing.
 

 
 *43
 
 As was said in
 
 Purnell
 
 v.
 
 Daniel, "
 
 Here then is a case of disputed boundary — how can we decide it without proof?” Are the defendants to be allowed to go on and cut timber before the dispute is decided, merely because they are of the opinion that the line of plaintiff has not been crossed ? Are they to be allowed to sell the shingles which, it may be, were taken off the plaintiff’s land, upon the averment that they have done the plaintiff no damage, and are therefore perfectly able to pay all he can recover in his action at law? Certainly not. The bill, taken as an affidavit of the plaintiff, shows that he believes that he has been trespassed upon; he has instituted an action at law to try the question; and as the shingles are now under the control of this Court, the fund will be protected until the dispute about the boundary is decided. As little as the defendants could have done, would have been to accompany their answer with an offer to give bond and surety for the value of tire shingles, if allowed to sell them, upon a suggestion that the shingles may be injured by the weather, if not disposed of; but no offer of the kind is made — the defendants content themselves with a general averment that they are able to pay all that the plaintiff can recover.
 

 The injunction ought to have been continued until the hearing, and the order for its dissolution must be reversed. This opinion will be certified.
 

 Per Curiam. Decree below reversed.