Nasu, C. J.
 

 The doctrine of injunctions, as a branch of Equity jurisdiction, has been so often before this Court, and the difference between a common and a special injunction, so plainly pointed out, that it cannot be necessary to discuss the matter here.
 

 The plaintiff is the owner of a small tract of land, containing eleven acres, which lies below, and contiguous to, a large tract belonging to the defendant. The jolain-tiff has cut ditches to drain his land, which are sufficient for that purpose. Upon the defendant’s land there are several
 
 *321
 
 large ponds and bays, and to drain them be is cutting ditches, which will throw the water which runs upon the defendant’s land upon the plaintiff’s ;fill up his ditches and o verflo whisland. The bill alleges that in cutting his ditches the defendant has left the natural course in which the water flows, and is carrying it through a ridge which divides their respective lands; and that, by pursuing the course of the drainage, the defendant can effect his pur-pose without- injury to the plaintiff. The answer denies that, in cutting his ditches, the defendant has deviated from the natural course of the drainage, and avers that his ditches are needed for the draining of his land; but he admits substantially that the same object may be obtained by him by pursuing a different course.
 

 The principle governing such an application as this is fully stated in the cases of
 
 McBrayer
 
 v.
 
 Hardin, 7
 
 Ire. Eq. 1, and
 
 Purnell
 
 v.
 
 Daniel,
 
 8 Ire. Eq. 9. In applications for special injunctions, (and this is such a one,) the bill is read as an affidavit to contradict the answer; and where they are in conflict, and the injury to the plaintiff will be irreparable, if the relief be not granted, the injunction will not be dissolved on motion, but will be continued to the hearing, to enable the parties to support by proofs their respective allegations. Justice demands this course. When there is nothing before the Court but oath against oath, how can the Chancellor’s conscience be satisfactorily enlightened ? It is not denied that every owner of land has a right to improve it in any way he pleases ; to cut ditches to drain it where necessay; but in exercising his- own just rights, he must be careful to inflict no injury on his neighbor. The defendant, therefore, has a clear right to ditch his own land, but the plaintiff has an equally clear right to be protected in the enjoyment of his property, and when the injury will prove irreparable he has the right to invoke the aid of this Court. The bill alleges that the ditches of the defendant deviate from the natural course of the run of the water; this, the answer denies. The Court cannot know how the fact is without proof.
 

 By the interlocutory order of the Court below, the injunction
 
 *322
 
 •was continued to the hearing. In this there is no error. This opinion will be certified.
 

 Pee Cueiam. Decree accordingly.