## Wytheville.

### SHANNON V. HANKS.

July 23rd, 1891.

### Absent, *Lacy*, J. and *Fauntleroy*, J.

1. RECEIVER—*Appeal.*—Under Code, § 3454, an appeal lies to a decree appointing a receiver, whereby a change in possession or control of the property is required, though made in vacation.

2. IDEM—*Discretion of court.*—At hearing or after a decree, though the bill contains no prayer for a receiver, the court may appoint one if the case requires it.

3. IDEM—*Case at bar.*—When, as in the case here, the liens far exceed the value of the property, an order appointing a receiver will not be reversed by the appellate court. Nor is it necessary that the application be supported by affidavit, nor that the court should be satisfied that property was likely to be wasted or injured.

4. IDEM—*Attorneys.*—It is no abuse of the court's discretion to appoint as receivers the attorneys of the respective parties to the suit.

Appeal from decree of circuit court of Giles county, rendered May 29th, 1889, in a suit wherein the appellee, Edward Hanks, is complainant, and the appellant, Samuel B. Shannon, is defendant. Opinion states the case.

*W. N. Harman*, for appellant.

*Williams Bros.* and *D. S. Peirce*, for appellee.

LEWIS, P., delivered the opinion of the court.

This was a suit in equity to subject the real estate of the defendant, Shannon, to the satisfaction of two judgments recovered by the plaintiff against the firm of Compton & Shannon, of which firm the defendant, Shannon, was a member.

The real estate sought to be subjected consisted of several tracts of land, situate in Giles county, one of which was conveyed by the defendant, prior to the recovery of the plaintiff's judgments, to Isaac Hudson, trustee, for the benefit of Alice R. Gish, in consideration of her intended marriage with the defendant, which marriage was soon afterwards solemnized.

It appears from the commissioner's report that, independent of the land conveyed to Hudson, trustee, for the benefit of Mrs. Shannon, and which is not involved in this appeal, the annual value of the defendant's real estate is only $200, whereas the liens thereon amount, in the aggregate, to about $20,000.

Upon the coming in of the commissioner's amended report, the plaintiff moved for the appointment of a receiver, which motion was granted by the decree complained of.

The appellee has moved to dismiss the appeal as having been improvidently allowed, on the ground that an appeal will not lie from a decree appointing a receiver. But we are of opinion that this position is untenable. An order appointing a receiver, in a case like this, changes the possession as well as the control of the property, and is therefore embraced within the provisions of section 3454 of the Code, which enacts expressly that an appeal may be allowed in any case in chancery wherein there is a decree or order requiring the possession of property to be changed. And so it was decided in *Smith* v. *Butcher*, 28 Gratt. 144, in which case it was held that on order appointing a receiver is an appealable order, although made in vacation.

The same case is also an authority for the action of the cir-

cuit court in appointing a receiver in the present case, although there is no specific prayer for a receiver in the bill. The general rule is that when there is no such prayer in the bill, and the application for a receiver is made before decree, it will not be granted. But at the hearing, or at any time after a decree, a receiver may be appointed, though not prayed in the bill, if the circumstances of the case require it. 1 Bart. Ch. Pr. 486.

The appointment of a receiver is a matter resting in the discretion of the court, although it is a power to be cautiously exercised. Where, however, as in the present case, the liens far exceed the value of the property, an order appointing a receiver will not be reversed by an appellate court. It is objected that the application was not supported by affidavits, and that there is nothing to show that the property is in danger of being wasted or injured, during the progress of the suit, in case a receiver should not be appointed. But it was not necessary that the application should have been supported by affidavits, nor was it essential that the court should have been satisfied that the property was in danger of being wasted or injured. The undisputed facts appearing from the commissioner's report, than which there could be no more satisfactory evidence, were ample, as in *Smith* v. *Butcher*, to justify the appointment of a receiver, to collect the rents and profits of the land, to be applied *pro tanto* to the payment of the debts, in order to prevent, to that extent, the swelling of the debts by the accumulation of interest.

In *Smith* v. *Butcher*, not only was there nothing to show that the appointment of a receiver was necessary to prevent injury to the property, *pendente lite*, but, on the contrary, it was proved by the defendant, in opposition to the appointment of a receiver, that he had improved the land and enhanced its value by the judicious system with which he was managing it. Yet this court, in passing upon the objection to the order appointing a receiver, used this language: " Under all the cir-

cumstances disclosed by the record, the probably protracted litigation, the insufficiency of the property of the defendant to pay his debts, and the just claims of the creditors to have the rents and profits applied first to keep down the interest, and then to the reduction of the principal, the case is one eminently proper for a receiver."

In the present case it appears that all the judgments reported against the appellant, Shannon, are judgments against him as a member of the firm of Compton & Shannon, and that a suit for the settlement of the partnership debts is pending in the circuit court of Bland county, in which suit the property of Compton is sought to be subjected to the payment of those debts. Accordingly, the circuit court, in its order appointing a receiver, very properly removed the case to the Bland circuit court, to be there heard, together with the suit pending in that court. It would seem, however, from what appears in the record, that the property of both partners will not be sufficient to pay all the debts in full. But be that as it may, enough appears to justify, beyond doubt, the appointment of a receiver in the present case.

The court, in fact, appointed two receivers—one the attorney of the plaintiff, the other the attorney of the defendant—and the appointment of the plaintiff's attorney constitutes another ground of objection to the action of the lower court. This objection, however, is not only made for the first time in this court, but there is nothing in the record to sustain it. The general rule, undoubtedly, is that a receiver ought be an indifferent person between the parties. But the selection of a proper person is very much a matter within the discretion of the court, and hence will very rarely be interfered with by an appellate court. 1 Bart. Ch. Pr. 495; High, Receivers, sec. 65.

In *Cookes* v. *Cookes*, 2 De G. J. & S. 526, Lord-Justice Knight Bruce observed that to induce an appellate court to act against the decision of the lower judge in the selection of a receiver,

it is necessary to find some overwhelming objection in point of propriety of choice, or some objection fatal in principle ; and certainly no such objection is found in the present case, in view of the fact that of the two receivers, one is the appellant's own attorney.

We are, therefore, of opinion to affirm the decree.

DECREE AFFIRMED.