# CHARLESTON.

## ROBRECHT v. ROBRECHT et al.

Submitted June 9, 1899—Decided Nov. 11, 1899.

1. INJUNCTION—*Motion to Dissolve.*

On a motion to dissolve a mere ancillary injunction, the circuit court can only be required to investigate the main cause so far as to ascertain that the equities between the parties are sufficiently doubtful to justify the continuance of the injunction until final hearing. (p. 741).

2. INJUNCTION—*Appealable Error.*

The circuit court commits no appealable error in overruling such motion if neither party insists on a hearing of the main cause, and it appears that the dissolution of the injunction may work a greater injustice or mischief to the plaintiff than the continuance would to the defendant. (p. 741).

3. INJUNCTION—*Bill and Answer.*

Although the answer plainly and positively denies the allegations of the bill, yet, if the facts and circumstances shown by the pleadings, exhibits, and affidavits are strongly presumptive in favor of the plaintiff's equity, it is not appealable error for the circuit court to continue an ancillary injunction, awarded for the purpose of preserving the status of property, until the final hearing. (p. 741).

4. RECEIVER—*Appointment.*

A decretal order appointing a receiver to take possession of and control personal or real property is appealable. *Ruffner* v. *Mairs*, 33 W. Va. 655, (11 S. E. 5.) (p. 742).

5. RECEIVER—*Refusal to Appoint.*

An order or decree refusing to appoint such receiver is not appealable. (p. 742).

Appeal from Circuit Court, Ohio County.

Bill of John Robrecht against Henry Robrecht and others. Judgment for plaintiff. Defendant Robrecht appeals.

*Affirmed.*

CALDWELL & CALDWELL and WHITE & ALLEN, fer appellant.

HUBBARD & HUBBARD, for appellee.

Dent, President:

In the circuit court of Ohio County, on the first Monday in February, 1898, John Robrecht, plaintiff, filed his bill in chancery against Henry Robrecht, defendant, alleging that about the 2nd day of January, 1883, he purchased from the Bank of the Ohio Valley a certain hotel property situated in the city of Wheeling, partly for cash and principally on credit, and took the title therefor in the name of the defendant, his son, in trust for himself; that he had since paid up a large portion of the unpaid purchase money; that the defendant, who had admitted the trust until lately, was now denying it, and was trying to mortgage the property, so as to convert it into money, and squander it, he being otherwise wholly insolvent. A conveyance was prayed for, and also temporary injunction to restrain the disposal of the property pending the litigation. On the first Monday in March, 1898, the defendant filed his answer, in which he denied the trust charged, but insisted that he was the purchaser of the property, and had paid all the purchase money so far paid, claimed that the plaintiff was in possession of the property as his agent, and admitted that he was trying to mortgage the property for the sum of $10,000 for the purpose of paying off the liens and making improvements thereon. He also prayed for an injunction against the plaintiff. The answer further avers that, if the plaintiff did purchase the property, and take the title in defendant's name, he did so with intent to defraud his creditors, without the defendant's knowledge, and because of such fraud he was not entitled to the relief sought. On the 27th day of April, 1898, on motion of the plaintiff, and after considering numerous affidavits filed by both plaintiff and defendant, who had notice of such motion, the circuit court awarded an injunction against Henry Robrecht and George J. Matheson, enjoining and restraining them until further order of the court "from selling, mortgaging, incumbering, or in any way disposing of or dealing with the property described in the bill." On the 7th day of February, 1899, the defendant Henry Robrecht, having filed some affidavits, moved the court to dissolve the injunction, and also to appoint a receiver to take charge of the property pending the litigation. These motions were

overruled, and from this order the defendant Robrecht appealed.

There are two grounds of error relied upon:

1. The refusal of the court to dissolve the injunction. It is a general rule that, where the answer fully, plainly, distinctly and positively denies the material allegations of the bill, the injunction should be dissolved on motion, in absence of proof of such allegations. *Hayzlett* v. *McMillan*, 11 W. Va. 464; *Mason City Salt & Mining Co.* v. *Town of Mason*, 23 W. Va. 211; *Cox* v. *Douglass*, 20 W. Va. 175; *Shonk* v. *Knight*, 12 W. Va. 667. This general rule, however, is subject to various exceptions, as is said by Judge Greene in the last case cited (page 683): "Where the plaintiff would lose all the benefit which would otherwise accrue to him should be finally succeed in the cause, or where the facts disclosed by the bill and answer afford strong presumption that the plaintiff will establish his claim for relief on the 'final' hearing, and it appears that he would suffer great and immediate injury by a dissolution of the injunction, or when the dissolution of the injunction would, in effect, amount to a complete denial of the relief sought by the bill,—in these and some other cases it would be proper to continue the injunction till the hearing." In High. Inj. section 1605, it is said: "It is accordingly held in cases of special injunctions for the prevention of irreparable injuries that on motion to dissolve the bill may be read in contradiction to the answer, and, if the equity appears in doubt, the motion will be refused, and the injunction will be continued to the hearing;" citing *Purnell* v. *Daniel*, 43 N. C. 9; *Troy* v. *Norment*, 55 N. C. 9; *Lloyd* v. *Heath*, 45 N. C. 39. In 10 Enc. Pl. & Prac. 1057, the law is stated to be: "When a motion is made to dissolve the injunction because of the denials in the answer, if the chancellor can see that the dissolution of the injunction may involve irreparable mischief to the plaintiff or that, in the event of the plaintiff maintaining the truth of his version of the matter in controversy, he will have been subjected to greater injustice or inconvenience by the dissolution of the injunction before the final hearing than the defendant can be exposed to by a continuance of the injunction, or that there is special propriety, under the peculiar circumstances of the case, in maintaining the *status*

*quo* between the parties until the dispute between them can be finally determined on the evidence, he may, and often will, in the exercise of the discretion with which he is vested, retain the injunction until a final hearing can be had on the merits." And on page 1059: "Where, from the very nature of the case, the injunction cannot possibly do the defendant any harm, the injunction may be retained, notwithstanding his denial under oath of the equities of the bill." The injunction in this case is merely ancillary to the relief sought, its object being to preserve the status of the property until the final disposition of the case. If the defendant is allowed to dispose of the property during the pendency of the litigation, owing to his insolvency the plaintiff may be irreparably injured thereby, while the defendant is secured against all damage by the injunction bond. And it would in fact be injurious to the defendant in any event to permit him to dispose of the property while this litigation is hanging over it, as the title is thereby clouded and placed in doubt. Counsel must have acted on the theory that the motion to dissolve would reach and determine the merits of the case. This, however, is not true. The merits of the case cannot be reached in this manner unless the plaintiff is wholly without equity. If the equity appears in doubt, the motion to dissolve should be overruled, for the equity may be made clear at the hearing, and the plaintiff suffer irreparable injury by the dissolution of the injunction. The circuit court, on inspection and consideration of the pleadings and numerous affidavits, reached the conclusion that the equity of the case was in doubt, and continued the injunction until the hearing, and this Court cannot say that the circuit court erred, or in any manner abused its discretion, in so doing.

The appellant insists that the injunction should have been dissolved because of the fraud alleged in the answer against the plaintiff. As the case was not submitted for a final hearing on the merits, the circuit court declined, on the motion to dissolve, to determine the question of fraud. Hence this question is still in the breast of that court, undetermined, and is not yet a subject of appeal to this Court. If the defendant had wanted that question determined, he should have submitted the case on the merits for a final hearing, and not attempted to raise it on a mere

motion to dissolve an ancillary injunction. The defendant, by disclaiming, in his answer, any knowledge of the fraud alleged against the plaintiff, places such fraud in doubt, for no one was in a better position to know of the fraud, if it actually existed. The plaintiff files an affidavit denying it. Hence it becomes a question to be determined by the court on the final hearing of the controversy, and the injunction was properly continued until such hearing. This Court will not determine it in advance of the action of the circuit court. As is said by JUDGE GREEN in the case of *Harris* v. *Hauser*, 26 W. Va. 602: "We are an Appellant Court, whose business it is to review the decrees of the circuit courts when the cause is substantially ended in those courts. It was never designed or intended that this Court should take supervision of the circuit courts during the progress of the causes, and, if they failed to adjudge the principles of the cause when one of the parties to the suit thought that such principles might and ought to be adjudicated, or if they made mistakes during the progress of the cause, interpose and correct such errors, and adjudicate the principles of the cause before the court below had decided them. This would not be appellate jurisdiction." *Kesler* v. *Lapham*, 46 W. Va. 293 (33 S. E. 289). The sole question that the circuit court was called upon to determine was as to whether, from the pleadings and proofs, the equities between the parties were so doubtful as to justify a continuance of the injunction until the hearing. It was not called upon to decide these equities, but merely their doubtful nature. Neither party was insisting on a hearing of the case, but the defendant was seeking to avoid the injunction prematurely. The plaintiff not only has a doubtful equity against the defendant, but an exceedingly strong one, if his claim be true, unless it is vitiated by fraud. The proofs on a final hearing can alone settle the matter, unless the cause is submitted without proofs.

2. The refusal to appoint a receiver to take charge of the property. This is not an appellate matter, being entirely within the discretion of the circuit court. There is no statute authorizing an appeal to this Court, which is without authority to appoint receivers, in cases of the appointment or refusal to appoint receivers, unless the possession of the property, real or personal, is thereby chang-

ed. *Harris* v. *Hauser,* 26 W.Va. 595; *Hutton* v. *Lockridge,* 27 W. Va. 435; Ruffner v. Mairs, 33 W. Va. 655, (11 S. E. 5). In the latter case the Court holds that an order appointing a receiver to take possession of personal property is an appealable order under the seventh clause of section 1, chapter 135, Code, although such determination only appears in the opinion of Judge English on page 659, 33 W. Va., (pages 6, 11 S. E.), and was not made a point in the syllabus. It must be regarded as a determination by the whole court, for otherwise it would not have had jurisdiction of the case, and there was no dissenting voice. The Court of Appeals of Virginia, in the case of *Shannon* v. *Hanks,* 88 Va. 338, (13 S. E. 437), held that a decretal order appointing a receiver of personal property, even though made in vacation, was appealable, for the reason that it changed the possession and control of property. *Barry* v. *Briggs,* 22 Mich. 201; *Lewis* v. *Campau,* 14 Mich. 458. In the case of *Beecher* v. *Mill Co.,* 40 Mich. 307, it was held that an order refusing to appoint a receiver was not appealable, for the reason that the matter was in the discretion of the court, and the motion, therefore, could be renewed at any time on the same or a new showing, when the court might change its view. If the court refuses to act in a proper case, there may be another remedy, but it is not by appeal.

These being the only questions presented, they must both be determined adversely to the appellant, and the order of the circuit court affirmed.

*Affirmed.*