# CHARLESTON.

McEldowney *et al. v.* Lowther *et al.*

## Decided March 23, 1901.

1. APPEAL—*Injunction—Motion to Dissolve.*

    The exercise of a sound discretion without abuse by a circuit judge in overruling a motion in vacation to dissolve an injunction is not reviewable, and reversible action. (p. 349).

2. INJUNCTION—*Bill—Answer—Continuance.*

    If the bill, answer, and affidavits show a *prima facie* case of nuisance in favor of the plaintiff, the circuit court commits no error in continuing the injunction until the hearing on the merits. (p. 349).

3. BILL—*Allegations—Construction.*

    A preliminary injunction will be construed to be in accord with the allegations of the bill if the language used will admit of such construction. (p. 350).

Appeal from Circuit Court, Wetzel County.

Bill by John C. McEldowney and others against F. P. Lowther and others. From an order refusing to dissolve an injunction, defendants appeal.

*Affirmed.*

E. L. ROBINSON, CORNETT & NEWMAN, and T. P. JACOBS, for appellants.

HALL & HALL, for appellees.

DENT JUDGE:

F. P. Lowther and the Exchange Telephone Company of Littleton appeal from a vacation order of Judge Farr, of the circuit court of Wetzel County, refusing to dissolve an injunction granted to John C. McEldowney and others by the Hon. Thayer Melvin, Judge of the First Judicial Circuit.

The plaintiffs for and on behalf of themselves and other citizens of the town of New Martinsville obtained an injunction restraining the defendant, appellants, from unlawfully erecting additional telephone poles and stringing wires thereon along Maple Avenue in said town to the irreparable injury and damage

to the property of plaintiffs and others abutting on said avenue. The defendant appellants filed their answers, admitting the allegations of the bill, that defendant Lowther was about to erect a line of telephone poles along the east side of said avenue; that he had a line along the west side of the avenue, but it was insufficient to accommodate the demands of his business and owing to the fact that the Bell Telephone Company also had a line along the west side of such avenue, defendant's line could not be improved so as to accommodate his business and for this reason he desired and it was necessary to remove his line to the east side of the avenue, where he would have more room, and he claimed the right to do so under the original ordinance of the town council permitting him to erect the first line, for the reason that the language used was plural and not singular and granted him the privilege of erecting lines instead of line. He further denied that the plaintiffs would be injured by such line as he proposed to erect.

The defendants then moved in vacation for a dissolution of the injunction. The judge on consideration of the bill and answer and affidavits filed refused to either dissolve or modify the injunction granted, but continued it until final hearing. It is a matter of sound discretion to continue or dissolve an injunction on the filing of the answer contesting the equities of the bill, and the injunction should not be dissolved if its continuance will subserve the ends of justice, and protect the rights of the parties in interest. Nor will this Court interfere with the action of the circuit court in such cases, unless the circuit court has plainly abused its discretion in this respect. 10 Ency. Plead. & Prac., 1059; High on Injunction, s. 1467; *Robrecht* v. *Robrecht,* 46 W. Va. 738. When the papers as presented make out a *prima facie* case of nuisance on motion to dissolve in vacation, the injunction should be continued until the hearing. *McGregor* v. *Camden,* 47 W. Va. 193, (34 S. E. R. 936) ; Hogg's Equity Principles, s. 284; *Heatherly* v. *Farmer's Bank,* 31 W. Va. 70. It is plain from the allegations of the bill and the admissions of the answer that the defendant is actively engaged in erecting a nuisance, to the great injury and detriment of plaintiffs' property and unless he has acquired the legal right to do so, the injunction should be perpetuated. Elliott on Roads and Streets, ss. 644, 664, 665, 666; *McDonald* v. *Newark,*

42 N. J. E. 136; *Browns* v. *Telephone Co.*, 42 N. J. E. 141; *Cook* v. *Totten,* decided at this term. The defendant Lowther being engaged in invading the plaintiffs' rights to the damage of their properties, must show his legal authority to do so; otherwise the injunction must be perpetuated. The judge in overruling the vacation motion merely held that *prima facie* the case was for the plaintiffs, and it is impossible for this Court to say that in doing so the judge plainly violated his sound discretion in continuing the injunction until a hearing could be had on the merits. But it is argued that the injunction is broad enough to prevent the stretching of additional wires upon its poles along the west side of the avenue and insisted that it should be modified to this extent. The injunction must be construed by the bill, from which it is plainly apparent that it was not intended to interfere with the proper use of the telephone poles along the west side of the avenue, but only to prevent the illegal erection and use of a new line along the east side of said avenue. Nor do the defendants claim in their answers that they are going to stretch any new lines along the west side of said avenue where Lowther now has his line of poles, or that they have been in any manner interfered with in the proper use thereof. The injunction so construed in the light of the bill requires no modification.

The order complained of is affirmed.

*Affirmed.*