
## Richmond.

DECKERT & OTHERS v. CHESAPEAKE WESTERN CO. & OTHERS.

November 19, 1903.

Absent, Buchanan, J.*

1. APPEAL AND ERROR—*Appointment of Receiver—Reviewing all Decrees.*—A decree appointing a receiver to take charge of the assets of an insolvent association, which are in the hands of liquidating trustees, is appealable under section 3454 of the Code, as it requires the pos- session of property to be changed; and if a case is properly in this court on an appeal from such a decree, all decrees and proceedings therein are subject to consideration and review.

2. EQUITY PRACTICE—*Reserving Decision on Demurrer—Decree on Merits.*—Where a defendant has both demurred to and answered a bill the correct practice is to dispose of the demurrer before enter- ing any decrees on the main issues in the case, and where such de- crees are entered, without noticing the demurrer, it will, in the ab- sence of evidence to the contrary, be regarded as having been over- ruled. But even where it appears that the decision on the demurrer was expressly reserved for future consideration, a decree of refer- ence will not be reversed where this court can see that the bill stated a good case, and that the demurrer should have been over- ruled.

3. PARTNERSHIP ASSOCIATIONS—*What is Capital—Property Input.*—The word "capital" as used in section 2878 of the Code, relating to Partnership Associations—prior to the amendment of that section— means cash or its equivalent; and an attempted organization with- out such cash or its equivalent is not a valid Partnership Associa- tion under said section prior to its amendment.

4. PARTNERSHIP ASSOCIATIONS—*Failure to Comply With Statute—Liability of Members.*—Persons who have in good faith attempted to organize a partnership association under the provisions of section 2878 of the Code, but have failed in some particulars, are not liable as

*Judge Buchanan was detained at home by sickness.

Statement.

general partners. The measure of their liability is the unpaid portion of their subscriptions to the capital. If they have put property into the association, they should have credit therefor at its fair cash value at the time it was contributed, and only be compelled to pay the balance, if any, of their subscriptions to the capital.

5. PARTNERSHIP ASSOCIATIONS—*Remedy of Creditors—Code, Sec. 2881 Cumulative.*—The remedy afforded by section 2881 of the Code to creditors of Partnership Associations to proceed against the members of the association to the extent therein indicated is not exclusive, but cumulative only, and such creditors have the right to go into equity to enjoin liquidating trustees of such association from making sale of the assets before the rights of creditors are ascertained and settled, and for other equitable relief.

6. LIQUIDATING TRUSTEES—*Duties—Equity Jurisdiction.*—Liquidating trustees are subject to the same rules as other trustees in regard to removing all obstacles to a fair sale before disposing of the trust subject, and if they fail in the discharge of their duties, any person interested may invoke the aid of a court of equity for that purpose.

7. EQUITY PRACTICE—*Receivers—Officers of Court—Preference to Existing Trustees.*—Where a court of equity has acquired jurisdiction of a trust subject for the purpose of administering it, it is common practice to exercise that jurisdiction through its own officers, giving preference, in selecting receivers to trustees where they are proper persons. Receivers are officers of the court, subject to its direction and control, and entitled to its protection. No hard and fast rule can be laid down for determining under what circumstances a court of equity will be warranted in administering this kind of relief for the protection of property in litigation. It is a discretionary power, depending exclusively on equitable considerations, and is co-extensive with the exigencies of human affairs.

Appeal from a decree of the Circuit Court of Rockingham county, pronounced June 23, 1903, in a suit in chancery wherein the appellee, Chesapeake Western Co., and others, were the complainants, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*O. B. Roller & Martz* and *D. O. Deckert,* for the appellants.

*Sipe & Harris, J. S. Harnsberger* and *J. B. Stephenson,* for the appellees.

Whittle, J., delivered the opinion of the court.

This case is as follows: In January, 1901, O. P. Spitzer, D. H. Shull and G. C. Spitzer signed, acknowledged, and had recorded a statement in writing by which they signified their desire to form a partnership association in accordance with the provisions of section 2878 of the Code. The name of the association was to be the "O. P. Spitzer Company, Limited"; and the officers and members comprising the association were G. C. Spitzer, president; D. H. Shull, secretary and treasurer, and O. P. Spitzer, manager.

The duration of the association was to be twenty years, and the business to be conducted that of manufacturing and dealing in sash, doors and blinds, and all kinds of mill work, at Bridgewater, Rockingham county, Virginia. The amount of capital was $4,500, subscribed and paid by the members as follows:

O. P. Spitzer, "$2,000, paid in machinery, lot, etc."

D. H. Shull, "$2,000, $1,000 paid in cash in machinery, and $1,000 due on demand."

G. C. Spitzer, "$500, evidenced by note, with security, due on demand."

It does not appear what part, if any, of the $1,500 due from the two members, Shull and G. C. Spitzer, was ever paid in cash.

On September 30, 1902, the members declared the association dissolved, and appointed appellants, Deckert, Martz, and Liskey, liquidating trustees.

By deed of that date the association conveyed all its property in general terms to the trustees to secure, first the cost of executing the deed, including counsel fees, and a commission of five per cent. on disbursements by the trustees—and, second, all legal debts and liabilities outstanding and due by the association.

The trustees advertised the property for sale at public auction for cash.

Thereupon, appellees, creditors of the association, filed a bill in equity in the Circuit Court of Rockingham county, against appellants, the association and its members, to injoin the sale.

The bill sets forth the foregoing facts, and charges that the attempt on the part of the members to form a partnership association in accordance with the provisions of section 2878 of the Code was nugatory, and that the members are individually liable to plaintiffs as general partners.

The bill further charges that O. P. Spitzer, manager of the association, had absconded from the state, carrying with him the books of the concern; that the debts and liabilities are unascertained and unknown to plaintiffs, and the assets of the association will, under the circumstances, be sacrificed by a sale.

The prayer of the bill is that there may be a settlement of the affairs of the association, an account of indebtedness and assets; and, in the mean time, that the trustees be injoined from making sale of the property, and that a receiver be appointed to take charge of and preserve the same pending litigation. The defendants demurred to and answered the bill; and, on affidavits and depositions, the trial court, without passing upon the demurrer, the question of appointing a receiver, or the application for injunction, but expressing the opinion that a sale of the assets would be improper until the debts were ascertained, directed one of its commissioners in chancery to take an account of debts and assets. Subsequently, a decree was entered formally injoining a sale of the property; and Deckert and Martz, two of the liquidating trustees, were appointed receivers. From this last-named decree this appeal was allowed.

It is insisted by appellees that the decree complained of is interlocutory, and that the appeal should be dismissed as having been improvidently awarded.

Of that contention it is sufficient to remark, that the decree appoints receivers and requires "the possession  .  .  .  .  of property to be changed"; and such a decree is appealable under

section 3454 of the Code, as construed by this court in the case of *Shannon* v. *Hanks,* 88 Va., 338, 13 S. E. 437. The case, therefore, being properly in this court, all decrees and proceedings are subject to consideration and review. *Burton* v. *Brown,* 22 Gratt. 15; *Campbell* v. *Campbell,* 22 Gratt. 672; *Morris* v. *Garland,* 78 Va. 222; *Effinger* v. *Kinney,* 79 Va. 552.

. The first assignment of error is to the action of the Circuit Court in entering the decrees complained of before passing upon the demurrer to the bill.

The correct practice is to dispose of a demurrer before decrees are entered upon the main issues of a case, the function of a demurrer being to prevent a discovery, or to save the expense of a protracted litigation by settling the rights of parties upon the matters of law arising upon the face of the bill, and avoiding the delay and costs of plea, answer, or proofs. And the rule is, that where a case is disposed of on other issues, without mentioning the demurrer, it will be regarded as having been overruled. *Miller* v. *Miller,* 92 Va. 196, 23 S. E. 232; *Miller* v. *Blackrock,* 99 Va. 747, 40 S. E. 27, 86 Am. St. R. 924.

But that inference cannot be drawn in the present case, because the decree in terms declares that the court, not being advised of the decision to be rendered upon the demurrer, declines to pass upon it at that time.

Inasmuch, however, as this court is of opinion, that the bill presents a proper case for equitable jurisdiction and relief and the demurrer ought to have been overruled, appellants have not been prejudiced by the non-action of the trial court in that regard.

A consideration of the case on the merits involves the construction of section 2878 of the Code, and also a determination of the question whether or not there has been such compliance with its provisions as to constitute O. P. Spitzer & Company, Limited, a partnership association within the meaning of the statute.

On March 2, 1875, the General Assembly of Virginia passed an act, entitled "An Act to authorize the formation of Partnership Associations, in which the capital subscribed shall alone be responsible for the debts of such association, except under certain circumstances"; which act is now incorporated in section 2878, *et seq.* of the Code.

The statute was adopted, in slightly modified form, from the Pennsylvania statute, passed June, 1874.

Section 2878 provides, among other things, that in the formation of such an association a statement shall be recorded setting forth "the total amount of capital of the association; when and how to be paid; and the amount to be subscribed by each member."

While it is true that the decisions of some of the courts have interpreted *capital,* in this connection, in the broader sense of *money* or *property,* the identical language employed in section 2878, has been held by the Supreme Court of Pennsylvania (from the statute of which State, as observed, the Virginia act was taken) to mean *cash,* or at least a check or notes convertible into *cash.*   *Vanhorne* v. *Corcoran,* 127 Penn. St. 255, 18 Atl. 16, 4 L. R. A. 386.

The history of the legislation on the subject would seem to leave but little doubt that the Legislature used the word *capital* in section 2878, in the more restricted sense, placed upon it by the Pennsylvania court, of *cash* or its equivalent.   Otherwise, the amendment in that particular of March 14, 1902, would have been unnecessary.   Acts 1901-2, p. 181.

The part of section 2878, referred to, as amended, reads: "The total amount of capital of the association, when and how to be paid, and the amount subscribed by each member.   Contributions to the capital of such an association may be made either in money or in real or personal estate at a reasonable valuation, to be approved by all the members subscribing to the

capital of such association; and in the said statement subscriptions to the capital, whether in cash or in property, shall be certified in this respect according to the fact; and where property has been contributed as part of the capital, a schedule containing the names of the parties so contributing, with a description and valuation of the property so contributed, shall be inserted. And any amendment of the said statement, made for the purpose of increasing the capital stock or for other purpose, shall be made only in like manner."

The careful manner in which the Legislature has safeguarded the privilege of contributing property as capital, tends strongly to show that it would not have granted that privilege without limitations, as would be the case under the construction sought to be placed by appellants on section 2878.

The conclusion from the foregoing construction of section 2878 is, that while there has been no such compliance with the requirements of that section in this case as would entitle the parties to all the privileges and benefits conferred upon a partnership association organized under the statute, nevertheless, inasmuch as the parties have attempted in good faith to form such an association, they are not to be held liable as general partners.

An inspection of previous sections of the chapter of the Code, embracing section 2878, in relation to *limited partnerships*, shows that, in certain contingencies, special partners may be held liable as general partners; and the total absence of such declaration with respect to a failure on the part of members of partnership associations to comply with the statute, indicates that it was not the intention of the Legislature that they should be held individually liable to that extent.

If it had been the intention of the Legislature that such members should, under certain circumstances, be liable as general partners, it is reasonable to suppose that the statute would have so declared, as it has declared in previous sections of the same chapter in regard to special partners.

The true measure of individual responsibility of members of such associations is declared to be the unpaid portions of their subscriptions to the capital. Section 2881. And that measure will be attained in the present case, by crediting those members who have contributed property instead of money to the capital, with the fair cash value of such property at the date of contribution, charging each with the balance due by him in money.

In *Coalter* v. *Bargamin,* 99 Va. 65, 37 S. E. 779, it was attempted to hold members of a joint stock company, who had failed to subscribe the minimum amount to its capital stock, liable as general partners, but the court was of opinion that no such responsibility attached. While, as remarked, the measure of liability of members of the association is fixed by section 2881 of the Code, the remedy provided by that section in certain cases is cumulative and not exclusive. Indeed, it would be inadequate to meet the exigencies of the case in judgment, where the interposition of a court of equity by injunction is necessary to prevent a sacrifice of property by a premature sale and also to ascertain the assets of the association and its liabilities.

There are two admissions in the answer of the liquidating trustees which tend to sustain the jurisdiction of a court of equity in this case, viz.: That some time prior to their appointment, the manager of the association absconded beyond the jurisdiction of the court, carrying with him the books of the company; and that they informed counsel for appellees that it was their purpose, after the assets of the association had been reduced to cash, to institute a suit in equity to obtain the direction of the court as to the proper disbursement of the fund.

Liquidating trustees constitute no exception to the universal rule that it is the duty of a trustee, before making sale of the trust subject, to apply to a court of equity for its aid whenever it is necessary to remove any impediment in the way of a fair execution of his trust; to remove clouds, if any, on the title;

to ascertain the exact amount of indebtedness secured; and to do whatever else may be necessary to effect a sale to the best possible advantage.    If the trustee fails to discharge this duty, the beneficiary may invoke the aid of a court of equity for that purpose.    *Glenn* v. *Augusta Perpetual Building & Loan Co.*, 99 Va. 695, 40 S. E. 25; *Hudson* v. *Barham, ante* p. 63, 43 S. E. R. 189.

The last assignment of error involves the action of the court in appointing two of the liquidating trustees receivers in the case.

From the nature of things, no hard and fast rule can be formulated determining the circumstances under which a court of equity will be warranted in administering this *ad interim* relief for the protection of property in litigation.    It is a discretionary power, depending exclusively on equitable considerations, and is co-extensive with the exigencies of human affairs.

By his appointment the receiver becomes an officer of the court, and is required to give bond and security for the faithful discharge of his duties; he is subject to the direction and control of the court, and entitled to its protection.    Through his agency the court becomes invested with the possession of the property, with power and authority to preserve it from waste and destruction; to secure and collect rents, issues and profits, and to make such orders touching the same as may best promote the interest of all parties concerned.    See the Virginia authorities on the subject of receivers in note to the case of *Beverley* v. *Brooke* (Va. Rep. Ann.), 4 Gratt., bottom page 84.

Where a court of equity has taken jurisdiction of a trust subject for the purpose of ascertaining and auditing the debts and enforcing the trust, it is common practice to exercise that jurisdiction through the instrumentality of its own officers, giving preference in the selection to trustees when suitable persons. *Martin* v. *Kester* (W. Va.), 39 S. E. 598.    That was the course pursued in this case; and the trustees, as receivers, were em-

powered to collect the debts due the association, to rent the real estate, to borrow money and insure the buildings and employ a watchman to protect the premises.

There is nothing in the record that shows an abuse of power on the part of the Circuit Court in the matter of appointing the receivers, nor is it perceived that appellees have been in anywise prejudiced by its action in that regard.

Upon the whole case, the decrees complained of are without error and must be affirmed.

*Affirmed.*