M. M. PERSON v. W. M. PERSON AND WIFE.

(Filed 29 March, 1911.)

**Waste—Injunction—Principal Remedy—Irreparable Injury—Practice.**

In an action to restrain waste, the principal relief sought is that by injunction, and in such a case, where it appears to the court by conflicting affidavits that irreparable injury may follow a refusal to do so, the injunction should be continued to the hearing.

APPEAL from the order of *Ward, J.,* continuing an injunction to the hearing, heard at chambers in Hendersonville, 23 May, 1910. From FRANKLIN.

*William H. Ruffin, Spruill & Holding, and W. H. Yarborough, Jr., for plaintiff.*

*W. M. Person, T. T. Hicks, and Bickett & White for defendant.*

WALKER, J. This is an application for an injunction to stay waste. The court enjoined the defendant until the hearing, and he appealed.

There was a difference, under the old practice, between a common injunction, as for instance, one to restrain the collection of a money judgment because of an alleged equity against its execution, and one of a special nature in which the injunction is the principal relief demanded, and when, if the defendant is allowed to proceed unrestrained, the damages will be irreparable. In the former case, the injunction was dissolved, as a matter of course, upon the coming in of the answer to the bill, unless the equity was confessed, or, according to our practice, unless the answer was defective in not responding to a material allegation, or was unfair or evasive, so that exceptions to it would lie. In the latter class, a different rule prevailed, because a dissolution of the injunction would allow the injury to be done, and if the defendant denied the allegations of the bill, it could be read as an affidavit on the part of the complainant, the result being that if, upon the whole case, the matter was left in doubt, the injunction was continued to the hearing, so as to afford the complainant opportunity to support his bill by proof, before the injurious act is committed, which would deprive him of all remedy. *Lloyd v. Heath,* 45 N. C., 39; *Capeheart v. Mhoon, ibid.,* 31; *Wright v. Grist, ibid.,* 203. It is held in those cases that an injunction to stay waste is special, and in passing upon a motion for its continuance to the hearing, which is the matter now before us, we must be governed by the rule just stated. We have, therefore, carefully examined the pleadings and affidavits of the respective parties, for the simple purpose of ascertaining the nature of the dispute, and finding that, upon a consideration of the whole case, the question raised is made doubtful by the conflicting pleadings and affidavits, we follow the usual rule and affirm the decision of the judge continuing the injunction. We do not express or even intimate an opinion as to the merits of the controversy or the preponderance of the proof in its present shape, but merely state our conclusion, that the defendant should be restrained until the facts can be found by a jury, or in any other way agreed upon by the parties. *Cobb v. Clegg,* 137 N. C., 153; *Troy v. Norment,* 55 N. C., 318; *Purnell v. Daniel,* 43 N. C., 9. In *Zeiger v.*

*Stephenson,* 153 N. C., 528, we continued an injunction against the transfer of stock, though not strictly or technically special, as it appeared that there was a *bona fide* controversy as to the facts, and that plaintiff might recover, even though his ownership of the stock was denied. In *Troy v. Norment, supra, Judge Nash* said that justice demanded such a course, for when there is nothing before the court but oath against oath, how can the chancellor's conscience be satisfactorily enlightened? There is one other important consideration. The defendants may not be injured, while the right of the plaintiff may be irretrievably lost. It may be that in this case the merits are with the defendants. They may have managed this farm according to the most approved methods of good husbandry, or what they are alleged to have done may have been required by a proper regard for the interests of the plaintiff, as well as their own. It may have improved the land and enhanced its value, instead of causing a lasting damage to the inheritance, and it may appear that the plaintiff is altogether in the wrong. *Norris v. Laws,* 150 N. C., 599. But these questions must be settled at the final hearing, and until then the *status quo* must be preserved.

We forbear any discussion of the facts for the further reason that it might prejudice one or the other of the parties in the trial of the case. The order of *Judge D. L. Ward* was clearly right, and is

Affirmed.