HENRY P. WOOTEN, adm'r, &c., plaintiff in error, vs. GRIF-FIN SMITH, et al., defendants in error.

While any material allegation, constituting the equity of the bill, remains un-answered, the injunction will not be dissolved.

New matter introduced in the answer, and not responsive to any charge in the bill, should not be considered, on a motion to dissolve an injunction.

In Equity, from Lee county. Decision by Judge ALLEN, at December Term, 1858.

Elizabeth D. Johns, executrix of the last will and testament of Enoch Johns, deceased, filed this her bill against Griffin Smith, William M. Petty, and Samuel Lindsey, Sheriff of Lee county, seeking to set aside a sale by said Sheriff, of a lot of land belonging to the estate of her testator, and to enjoin said Sheriff from executing a deed of conveyance

of the same to Smith and Petty, and from dispossessing complainant from said premises.

The bill states, that Enoch Johns, complainant's testator, with others, on the 3d day of August, 1852, became the surety of one Edward Sessions, Tax Collector of said county. That on the 21st February, 1857, the Inferior Court of said county, sitting for county purposes, had judgment entered against the said Sessions and his sureties, on the official bond, for the sum of $344 19, besides interest at the rate of twenty-five per cent. per annum. Said judgment was entered up against complainant and Thomas H. Moody, executrix and executor of said Enoch Johns, as well as the other sureties, although no notice thereof had been given to them, that said judgment would be entered. That by virtue of the *fieri facias* issued upon said judgment, the Sheriff levied upon a negro, the property of Joseph S. Cross, one of the sureties, and a defendant in said *fi. fa.*; but before the sale of said negro, Cross satisfied the execution, as complainant was informed and believed, by giving credit for the amount due thereon, on a demand which he, Cross, held against the county.

The bill further states, that afterwards, Cross having control of said execution, directed the same to be levied on the property of his co-surety, complainant's testator, and the Sheriff, in pursuance of said direction, came to the residence of complainant, and informed her that if she did not pay off said execution, he would levy the same upon the lot of land on which she resided, the same being part of the estate of her testator; that she replied, "that if he had to levy on land, to levy on the Huckabay lands belonging to said estate." That the Sheriff, in disregard of the wishes and rights of complainant, levied said execution on the lot of land whereon complainant resided, and on which were all the houses and improvements of the settlement, and in the middle of the plantation, and advertised the same to be sold on the first Tuesday in January, 1858, without referring to the improve-

ments or situation of said lot, and that said Sheriff failed to notify complainant of the levy so made.    That said land was sold by the Sheriff on the 5th January, 1858, and bought by the said Griffin Smith, for the sum of five hundred dollars, and said land was worth two thousand dollars.

The bill further charges, that said Sheriff and William M. Petty were interested with Smith in the purchase; that no payment has been made by Smith to the Sheriff of the purchase money, nor any conveyance of the premises executed to him.

The bill was sworn to, and the injunction issued as prayed for.

Complainant was dismissed, after the filing of the bill, from her executorship, and Henry P. Wooten appointed administrator *de bonis non cum testamento annexo*, and made the party complainant.

After Wooten's appointment as administrator, &c., he amended the bill, stating and charging that said sale by the Sheriff was void, for the reason that said judgment and *fi. fa.*, under which said sale was made, being against Moody and Mrs. Johns, as executor and executrix, and they having a large amount of other assets in hand, could not be levied upon the real estate of testator.

The amendment further tendered to Smith and Petty the full amount paid by them to the Sheriff for said land, and inetrest thereon.

The bill as amended further states, that the complainant, Wooten, should not be dispossessed of said premises, which have come into his possession, as administrator, *de bonis non*, &c., since said sale, by virtue of appointment to such office by the Court of Ordinary, and the Sheriff's right to dispossess having been waived, abandoned and abrogated, by virtue of a subsequent agreement between Mrs. Johns and the purchaser, and under which agreement she was holding possession when dismissed from her executorship as aforesaid, as appeared by defendants' answers.

And further and lastly the bill prayed, that said Smith and Petty should receive the amount paid by them for said land, and deliver up the conveyance executed to them by the Sheriff, and that they be perpetually enjoined, &c.

The answer of Lindsey, the Sheriff, admits the death of Enoch Johns, his securityship to the Tax Collector, and the judgment and execution on the official bond, as stated in the bill, but denied that Cross ever paid said judgment, or any part thereon, but admits that he went to Cross to make a levy; that he made some objection to it, and that there was an understanding between them that a negro boy should be levied on, but he was never sold. Knows nothing of any payment made by Cross on said judgment, or of his having any claim to the same.

The answer further states, that before said levy was made on the land, he had levied on the same by virtue of another *fi. fa.* against the executor and executrix of said testator, which was destroyed by the burning of the court-house. Said levy was made in the summer of 1857, and advertised, and on the promise of complainant to pay off the same, the sale was postponed. The money was not paid; and when the last levy was made, complainant was informed that she must pay both *fi. fas.*, as the land would be advertised for sale under both levies, and that the advertisement set forth as an exhibit to the bill, is a true copy of the original. Admits that the land was sold at the time stated in the bill, and bought by said Smith and Petty for $515, but denies all and any agreement, understanding or combination between himself and Smith and Petty, or that he had any interest in said sale, or that there was any fraud or concealment about the matter; but avers that said sale was fair and *bona fide;* that Smith and Petty have paid the purchase money, and that too in complainant's presence, and at her house. That it was agreed between complainant, and Smith and Petty, after the sale, that complainant was to retain possession until the Monday after the sale, and if by that time she would

pay the amount paid by them for the land, that the title should be made to her.   That the execution of the convey-ance to the purchasers was delayed until after the said peri-od, but he soon thereafter made to them said conveyance, on being informed that complainant had failed to pay said money.

Smith and Petty answer, that they know nothing of the matters stated in the bill up to the time of the sale, and as legal, innocent purchasers, insist upon strict proof of all the allegations and charges affecting their rights.   They ad-mit they purchased the land; that the same was sold un-der two *fi. fas.*   They deny that the Sheriff had any inter-est in said purchase, or that the same was fraudulent; and deny all combination, but that they bought said land in good faith, at a legal sale, as the highest bidders, and are innocent purchasers; that they paid the purchase money in complain-ant's presence, and at her house.   They admit that the Sher-iff's deed was not made until the next week after the sale, but deny that this was by virtue of any agreement before or at the sale.

Upon the coming in of the answers, and upon a rule to show cause, the Chancellor dissolved the injunction, upon the ground that all the equity of the bill was sworn off; to which decision counsel for complainant excepted.

VASON & DAVIS; G. J. WRIGHT, for plaintiff in error.

MCCAY & HAWKINS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Our conclusion is, to hold up the injunction in this case, until the hearing of the bill.   Samuel Lindsey, the Sheriff, has not accounted for the negro levied on by the execution. And until that is done, the presumption of law is, that the *fi. fa.* was satisfied before it was levied on the land.   And if that be so, the purchasers could derive no title from the sale.

The Sheriff admits that he *levied* on the negro, but says he did not *seize* him.    Why he did not, and what became of him, and why he was not sold, does not appear.    We infer that he left him with Cross, the defendant, whose property he was.    That does not discharge the Sheriff.

As to the other small execution under which, it is alleged in the answer, the land was also sold, this is altogether new matter, and not responsive to any charge in the bill.    And consequently, should not have been considered in determining the motion to dissolve.    If true, it will be very material upon the hearing.

Judgment reversed.

McDonald J. absent.