# CHARLESTON.

## NOYES *et al.* v. VICKERS *et al.*

Submitted January 26, 1894.—Decided March 19, 1894.

1. INJUNCTION.

> Where the equity of a bill of injunction is not denied, but a new equity is set up by the answer to repel or avoid it, such answer read as an affidavit on a motion to dissolve is not sufficient of itself to support the motion.

2. INJUNCTION—DISMISSION.

> Where the bill is not merely a bill of injunction but is filed for other objects, to which the injunction is auxiliary, the bill should not be dismissed as a matter of course on the dissolution of the injunction.

COUCH, FLOURNOY & PRICE for appellants.

I.—*The plaintiff having replied generally to the answer, all of the allegations therein not admitted by the bill nor sustained by the exhibit must be considered as not proven and must go for naught.*—27 W. Va. 605, Code, c. 125, s. 38.

II.—*In this cause there is no evidence sufficient to raise a resulting trust. To establish such trust the evidence should be clear.* —12 W. Va. 542, 552 ; 7 Leigh 566.

III.—*A deed executed before judgment had been obtained, under which the purchaser had paid the purchase-money and had been put in possession, but which was not recorded, until after judgment was obtained, is void as against such creditor ; and the land thereby conveyed is subject to satisfy the judgment.*— 28 W. Va. 744; 2 Gratt. 183 ; 17 W. Va. 244, 273.

J. H. NASH and W. E. CHILTON for appellees cited 31 Gratt. 70; 30 Gratt. 744; 8 W. Va. 117; 2 Story 447; 4 Gratt. 407; Free. Jdgmts § 357; 28 Gratt. 407; 17 W. Va. 301, 309; Id. 331; 34 W. Va. 122; Hill. Inj. § 134; 2 Miss. 61.

HOLT, JUDGE :

This is an appeal allowed plaintiffs and appellants from a decree of the Circuit Court of Kanawha county entered on the 15th day of April, 1893, dissolving their injunction and dismissing their bill. The bill is the ordinary one having for its main purpose the enforcement of the statutory lien of their judgment against the real estate of defendant Vickers, the judgment-debtor.

As auxiliary to the main purpose plaintiffs sought by their bill and obtained, *ex parte,* an injunction restraining defendant Betts from cutting and removing from the land the standing timber. They charge that defendant Betts is denuding the land of all its valuable timber under a deed or written contract of purchase of the timber from defendant Vickers; that the same, if it exists, has never been recorded and is therefore void as against plaintiffs' right of lien as judgment-creditors; that defendant Vickers, as shown by return of execution *nulla bona,* has no personal property; that he has no other land, and as to the tract in question of two hundred and eight acres he owns but the surface, the minerals having been retained by the Connells, his grantors, who also retained in their deed of conveyance a vendor's lien for one thousand five hundred dollars, the unpaid balance of the purchase-money; that the standing timber constitutes its chief value, and with that gone the land will not bring enough to pay the vendor's lien and their judgment.

Defendant Betts filed his answer admitting that he is cutting and removing the timber, but claims the right to do so. He says that the purchase was made from the Connells by Vickers with the understanding and agreement between him and Vickers, that he (Betts) was to furnish the cash payment of one thousand dollars, and in consideration thereof the standing timber was to be bought for

him; that he furnished Vickers the one thousand dollars; he paid it to the Connells, who conveyed the land to Vickers by deed dated July 11, 1892, as exhibited with plaintiffs' bill, and that by deed and contract of the same date Vickers conveyed the timber to him not in performance of any purchase subsequently made by defendant Betts of defendant Vickers, but in discharge and execution of the trust imposed upon him when he bought of the Connells; that the timber was for Betts according to their agreement; that thus Vickers was for a moment, while the legal title was *in transitu* through him, the apparent owner but not the real owner of the timber, never having had any ownership of the timber, save the naked legal title—and that but for a moment—as trustee for defendant Betts. He produces and exhibits with his answer a conveyance to him of the timber, which was executed on the 11th day of July, 1892, but not recorded until the 27th day of March, 1893. Plaintiffs' judgment was rendered on the 24th, and docketed on the 25th day of January, 1893.

This deed of defendant Betts from defendant Vickers is, in part, as follows:

"This deed made the 11th day of July, 1892, between A. G. Vickers and R. C. Vickers, his wife, of the first part, and A. Betts, of the second part, witnesseth: That for and in consideration of the sum of one thousand dollars cash, in hand paid, the receipt whereof is hereby acknowledged, and the further sums of money to be paid by the party of second part as hereinafter provided, the said parties of the first part do grant, bargain, and sell, with general warranty, unto the said party of the second part, all the white oak, poplar, and sycamore timber on the following parcels of real estate, containing two hundred and two acres of land, on Elk river, at the mouth of Blue creek; also, the island in Elk River, at the mouth of Blue creek, known as 'Blue Creek Island,' containing about six acres; the same lands purchased by the said A. G. Vickers, by contract of even date herewith, from the executors of D. Connell, dec'd."

The deed then sets out the contract of purchase in detail; the mode of measuring and estimating the value of the timber; where to be delivered; the time and amounts to be

paid, *etc.*—and·is also signed, as a contract, by Betts, who in conclusion alleges that Vickers never owned the timber on the land except as trustee in subordination to defendant's righis; that he has not realized one thousand dollars from the timber, nor any sum, as yet; that he is in possession, cutting, *etc.* as he has a right to do; that he is solvent; owns real estate; asks to be permitted to cut and sell the timber, and to give bond to account for the proceeds thereof as the court may direct; and that the injunctions may be dissolved; and that he may have such other and general relief as he may be entitled to.

The bill was sworn to by plaintiffs, and the answer by defendant Betts, plaintiffs having replied thereto generally.

On the 15th day of April, 1893, notice of motion being waived, defendant Betts moved to dissolve the injunction; and the court, having heard the same on bill, answer, replication, exhibits and argument of counsel, entered the decree complained of dissolving the injunction and dismissing the bill; and plaintiffs appealed.

The appellants assign two grounds of error: (1) The injunction should not have been dissolved; (2) in any event, the bill should not have been dismissed.

The frame of this bill, its scheme and prayer for relief give it a standing in court and show cause against its dismission and for its retention with a distinctness, that nothing extraneous could intensify. It is not a pure bill of injunction but an ordinary bill seeking to enforce a judgment-lien, and the injunction was a mere incident auxiliary to that end; and section 13, c. 133, of the Code, does not apply to such cases. *Pulliam* v. *Winston*, 5 Leigh, 324; 1 Bart. Ch. Pr. 464. Still, the general practice is to suggest that the cause is one proper to be retained, because the bill is sometimes dismissed, the better to bring to the test of appeal the order of dissolution, although such order itself has long been appealable. See Code, sec. 1, cl. 7, c. 135.

But was the injunction properly dissolved? Standing timber is a part of the inheritance. To cut it may be waste and is often a serious diminution of the lienor's security for the payment of his debt; and the real estate with the timber as a part thereof was *prima facie* subject to the lien

of plaintiffs' judgment, because according to the allegation of the bill and by the defendant's showing of title by the deed exhibited with his answer he was a purchaser from defendant Vickers, the judgment-debtor. And although his contract of purchase and conveyance were made some months before the docketing or even the rendition of plaintiffs' judgment, yet such contract and deed were not recorded until some months after the docketing of the judgment. It was then too late to prevent the attaching of the lien, for up to that time it was void and of none effect as against the creditor by judgment docketed. So that the land and timber for that reason remained the property of defendant Vickers as against plaintiffs, although as between Vickers and defendant Betts it was certainly the timber of the latter before the rendition of the judgment. This is the result of the recording act. See Code, s. 5, c. 74; *Bank* v. *Neal*, 28 W. Va. 744. Nor is there anything in conflict with this doctrine in *Snyder* v. *Martin*, 17 W. Va. 309.

Defendant Betts in his answer concedes the allegation of plaintiffs' bill, that he claims the timber under an unrecorded deed and written contract, but alleges that the same was executed in discharge of a trust in his favor impressed thereon by the circumstances of the purchase by Vickers from Connell, to-wit: that defendant Betts furnished to Vickers the one thousand dollars cash-payment on the agreement with Vickers, that Betts was to be the owner of the timber, and that Vickers was in making said purchase and in taking to himself a conveyance of said land acting as a trustee for defendant Betts; that the judgment-debtor, Vickers, never was the true owner of the timber; but that the naked legal title was thus *in transitu* vested in him, and on it the lien of plaintiffs' judgment did not and could not attach.

If the facts thus set up in defendant's answer are well founded, the legal conclusion thus drawn is correct, and defendant Betts has thereby successfully repelled and avoided plaintiffs' claim of a judgment-lien; and to this equity set up in avoidance the doctrine of *Snyder* v. *Martin*, does apply. See, also, 2 Lomax, Dig. 200, and 1 Perry, Trusts (4th Ed.) 126 *et seq.* But the burden of proving this new

equity thus set up to repel or avoid plaintiffs' claim, is on the defendant, he being put to such proof by the general replication to his answer. And, although his answer may be read as an affidavit on the motion to dissolve, it can not be read as sufficient on the motion to establish such new matter in avoidance, and not in denial of any allegation in the bill. See *Vreeland* v. *Stone Co.*, 25 N. J. Eq. 140 ; *Wooten* v. *Smith*, 27 Ga. 216 ; *Armstrong* v. *Grafton*, 23 W. Va. 50, 55 ; *Kerr* v. *Hill*, 27 W. Va. 576, 605. This rule seems reasonable, for otherwise plaintiffs could not, by cross-examination of defendant, meet this affirmative defence, of which they now hear for the first time, and the duty of furnishing full proof on the point is on the defendant; and in this instance its application is also called for by reason of the fact that nothing appears in confirmation of this part of the answer, for the deed exhibited with it has to some extent, the features of a purchase from Vickers. But I see nothing in it so far inconsistent with the claim of defendant Betts as to prevent his proving that it was in execution of the pre-existing trust.

For the foregoing reasons, we are of opinion that the bill should not have been dismissed, and that the dissolution of the injunction, if to be made at all, was premature. Therefore, the decree complained of is reversed, and the cause remanded

# CHARLESTON.

