# CHARLESTON.

## D. J. Pyles v. Martha Grimes.

Submittted January 31, 1922.     Decided February 7, 1922.

APPEAL AND ERROR—*When Decree will be Reversed for Want of Decisive Evidence on the Merits Stated.*

> Where the record of a chancery cause discloses that a decree was prematurely entered, before the merits of the cause had been properly developed upon the vital issue involved and that there is strong probability of the existence of evidence decisive thereof, which counsel under a misapprehension of law have failed to adduce, the court will reverse the decree and remand the cause for further proceedings.

Appeal from Circuit Court, Marshall County.

Bill by D. J. Pyles against Martha Grimes, for an injunction.    Decree for defendant and complainant appeals.

*Reversed and remanded.*

*C. A. Showacre, A. L. Hooton,* and *J. Howard Holt,* for appellant.

*Newman & Newman,* and *J. C. Simpson,* for appellee.

MEREDITH, JUDGE:

In June, 1915, plaintiff filed his bill in the circuit court of Marshall county, against Martha Grimes, praying for an injunction to restrain her from placing obstructions in an alley adjacent to plaintiff's property, and that she be required to remove therefrom a fence placed thereon; an injunction was awarded.    The property of plaintiff lies in the village of Glen Easton.    Originally W. O. Grimes purchased from David Levi, in 1888,  a parcel described by metes and bounds with a beginning corner at a locust on the line of the B. & O. R. R. Co.'s right of way; no alley is called for in this deed, and the locust called for as the beginning corner, so far as the record shows, is not located; this parcel lies east of the alley in controversy.    In 1891 W. O. Grimes purchased from Helen M. Adams a tract of 1 1-2

acres and 12 poles, adjacent to the first parcel mentioned with its beginning corner at the corner of a bridge in the county road, the deed containing the following reservations: "Reserving of this property the right of way for an alley along W. O. Grimes line 12 feet wide from the county road to the B. & O. R. R." The county road lies on the north side of the two properties, and the railroad right of way on the south side.

It will be observed that the alley called for in this deed was "along W. O. Grimes line 12 feet wide from the county road to the B. & O. R. R." Later, in 1902, Grimes conveyed to Martha J. Dowler a parcel off the last mentioned tract, "Beginning at a stake on the west side of a 10 foot alley, corner to B. & O. R. R. thence with the said alley N. 15 1-2, W. 100 feet to a stake thence S. 65 1-2, W. 44 feet, thence N. 15 1-2, W. 54 feet to a stake at side of county road, thence with said road S. 65 1-4 .W. 16 feet to a stake on side of the County road, thence S. 15 1-2 E. 154 feet to a stake corner to B. & O. R. R. thence with the said B. & O. R. R. Co.'s line N. 65 1-2 E. 60 feet to place of beginning" etc.

This parcel was in 1909 conveyed to the plaintiff, D. J. Pyles; in the same year W. O. Grimes conveyed to D. J. Pyles a parcel out of the 1 1-2 acres and 12 poles tract, beginning at the northeast corner of the Dowler lot, and running North 45 feet to the county road, thence with the County road 44 feet, thence south. 45 feet to the Dowler lot, thence East with the Dowler lot 44 feet to the beginning. On these two lots plaintiff has his dwelling house and store building. It will be observed that by the last deed the alley is not mentioned. By the will of W. O. Grimes a life estate was devised to the defendant, Martha Grimes, his widow, in his lands, which then consisted of the parcel lying east of the alley and the parcel lying west of the Pyles lots, the alley in controversy separating the Pyles lots from the Grimes parcel located on the east side, on which parcel is located the Grimes dwelling house. The true location of the alley is the point in controversy. The plaintiff claims that the southwestern corner of the alley is fixed by the stake called for in the Dowler deed, which he claims was placed in the ground at

the time the deed was made by Grimes to Dowler and replaced by an iron stake a few days later by Dowler in the presence of Grimes, the grantor, and that a line running from that stake North 15 1-2 West to the county road places the northeast corner of his property exactly 10. feet from the corner of a stone wall on the Grimes lot. It appears that this stone wall is 4 1-2 or 5 feet high, and extends along the front of the Grimes lot and parallel with the county road a distance of from 60 to 100 feet, and also extends southwardly from the county road along the line of the alley a distance of 50 or 60 feet; that this wall has been constructed about 40 years, but that that portion thereof bounding the alley is intact for only about 10 or 12 feet from the corner of the Grimes lot and county road, and that the remainder of the wall as constructed along the alley has fallen down and possibly slid over into the alley; that an old fence was maintained by Grimes for a number of years extending from the southern end of the wall as originally constructed down to the southern corner of the Grimes lot, but whether this fence was exactly on the eastern line of the alley does not appear from the record. The defendant in repairing this fence, the plaintiff claims, built it some 5 or 6 feet out in the southern portion of the alley and thereby obstructed his means of access to his dwelling house and store from the Baltimore & Ohio Railroad Company's right of way; this the defendant denies by her answer, but alleges that her fence was placed on the eastern line of the alley.

Considerable surveying was done on behalf of both parties, but, as we conceive, so inaccurately and carelessly done as to add to the uncertainty of the true location of the boundary lines of the alley. It will be observed from the deed from Grimes to Dowler, for what is now the Pyles property, that the line of the alley is called for as a monument. We believe that the plaintiff was mistaken in his view that the stake called for in the Dowler deed located the west side of the alley. Besides, it is not certainly proven that the iron stake found there by the surveyor is located in the identical place that the original wooden stake was placed by Grimes at the time of the Webster survey.

Both plaintiff and defendant appear to agree that the face of the stone wall where the wall is intact, extending along the eastern boundary of the alley, from the northwest corner of defendant's lot, is the true line marking the eastern side of the alley; that wall from the record appears to be intact, as originally constructed for a distance of 10 or 12 feet along the alley from the northwest corner of the Grimes lot, and that corner of the Grimes lot is 10 feet distant from the northeast corner of the Pyles lot on the county road. That being true, and it being agreed that the alley way is 10 feet wide throughout its entire length, a line starting at the corner of the stone wall at the northwest corner of the Grimes lot, and running along the face of the wall where said wall is intact, and projected in the same direction to the line of the right of way of the Baltimore & Ohio Railroad should locate the true eastern line of the alley, and a line parallel to that line, and 10 feet therefrom along the line of the Pyles lot should locate the true western line of the alley. It does not appear that either of the surveyors employed by the plaintiff and defendant took this method of locating the boundaries of the alley. Defendants surveyor does refer to it in making his survey, but his evidence taken in connection with his plat exhibited leaves the question in confusion and the true line shadowed in uncertainty. It appears to this court that the alley can be properly located, taking the face of the stone wall now intact as indicated as a monument, and that the decree of the circuit court dissolving the injunction and dismissing plaintiff's bill should be reversed, so that justice may be done between the parties, and the controversy be definitely settled. There being so much uncertainty in the evidence, we believe that the circuit court prematurely heard the cause, and before the cause was fully developed. In the present state of the record this court should not be called upon to express an opinion as to the true location of the boundary lines of the alley; we do believe that evidence can be adduced which will definitely establish the lines of the alley, and thereby determine whether defendant has placed any obstruction therein as alleged in plaintiff's bill; so, following the rule of this court, laid down in *Ellis* v. *Hager,* 87 W. Va.

313, 104 S. E. 607, and other cases there cited, as well as *Woodrum Home Outfitting Co.* v. *Adams Express Co.,* decided at this term, we will not review the decree upon its merits, but will reverse it because prematurely entered, and remand the cause for further proceedings, but the plaintiff will not be allowed his costs in this court.

*Reversed and remanded.*