# CHARLESTON.

BANKERS POCAHONTAS COAL COMPANY *v.* FLANAGAN COAL COMPANY *et als.*

(Nos. 5483-5488)

Submitted January 26, 1926.  Decided February 2, 1926.

1.  FRAUDULENT CONVEYANCES—*In Creditors Suit, Deed of Trust Cannot be Adjudged to be Fraudulent, or to Constitute Unlawful Preference, Without Proper Pleading and Proof; on Failure of Pleading to Attack Validity of Deed of Trust Such Question Held Not Presented to Trial Court.*

    In a creditors' suit a deed of trust can not be adjudged to be fraudulent or to constitute an unlawful preference without proper pleading and proof.  (p. 710.)

    (Fraudulent Conveyances, 27 C. J. § 707.)

2.  APPEAL AND ERROR—*On Record in Chancery Suit Showing Final Decree Was Entered Before Cause Had Been Properly Developed, and Strong Probability That There is Decisive Evidence Not Produced, Decree Will be Reversed and Cause Remanded.*

    Where the record in a chancery suit discloses the fact that a final decree was entered before the cause had been properly

developed upon the vital issues involved, and it appears that there is strong probability of the existence of decisive evidence which by some misapprehension of law the parties have omitted to produce, this court will reverse the decree and remand the cause for further proceedings.  (p. 712.)

(Appeal and Error, 4 C. J. §3240.)

3.  FRAUDULENT CONVEYANCES—*Although Claim by Beneficiary in Deed of Trust Was Disallowed by Commissioner in Lien Creditor's Suit, if His Trustee, Holding Legal Title to Property Proceeded Against, is Not Party to Suit, He Should be Heard on Petition Presenting Good Case for Relief.*

Although the beneficiary in a deed of trust has presented to the commissioner his claim in a lien creditor's suit and such claim has been disallowed by the commissioner, if his trustee holding the legal title to the property proceeded against is not a party to the suit, such creditor should be heard on his petition filed in the suit, properly setting up the nature of his claim and presenting a good case for relief. (p. 713.)

(Fraudulent Conveyances, 27 C. J. § 627.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, McDowell County.

Creditors' suit by the Bankers Pocahontas Coal Company against the Flanagan Coal Company, in which others were made parties. After a decree overruling exceptions of T. A. McCarthy and others, who filed claims before a commissioner, confirming the report of the commissioner, and overruling a motion to have the court consider their several petitions, T. A. McCarthy and others appeal.

*Reversed and remanded.*

*P. J. Flanagan* and *E. C. Marshall,* for appellants.
*Strother, Sale, Curd & Tucker,* for appellee.

MILLER, JUDGE:

This is a creditors' suit, brought by the Bankers Pocahontas Coal Company against the Flanagan Coal Company, its judgment debtor, in which a number of other creditors of the common debtor were made parties. The appellants here are T. A. McCarthy, C. D. Rishel, W. J. McCarthy, John P.

Crosby, and Thomas E. Manley, creditors of said Flanagan Coal Company, and C. D. Rishel, W. J. McCarthy, O. L. Crosby, M. J. Sullivan, Thomas E. Manley, and James Mc-Atee, payees and endorsers on a note for fifteen thousand dollars, made by the said Flanagan Coal Company to them and negotiated and now owned by the Citizens National Bank of Shenandoah, Pennsylvania. None of the appellants were made parties to the suit.

Upon the filing of plaintiff's bill, September 22, 1924, pursuant to the prayer thereof, a receiver was appointed to take charge of the debtor's property; and by an order entered on November 29, 1924, the cause was referred to a commissioner, to ascertain what property was owned by the debtor, the amount of its debts, and the various liens against the property and their priority.

The personal claims of the appellants T. A. McCarthy, C. D. Rishel, W. J. McCarthy, John P. Crosby, and Thomas E. Manley, were filed with the commissioner by their counsel, together with affidavits of the claimants setting out the nature of their claims. No other appearance was made by any of these parties, and their depositions do not appear in the record. The claims of a number of the judgment creditors were filed with his deposition by the attorney having the judgments in his hands for collection. No pleadings other than the plaintiff's bill were filed in the cause.

The commissioner found that the United States government and the State of West Virginia were entitled to first liens on the debtor's property for unpaid taxes; that the plaintiff in the suit was entitled to a second lien for the sum of $2,270.94, the balance on a judgment for $8,700.00 in its favor against the debtor; and that a number of other judgment creditors and lienors were entitled to priorities. The Citizens National Bank of Shenandoah, and the appellants, with the exception of T. A. McCarthy, were allowed the amounts of their claims as unsecured creditors. Exceptions to the report were filed by the appellants, on the ground that the evidence showed them to be entitled to liens on the debtor's property. The commissioner's report was filed on May 2, 1925; and on the same day the appellants were permitted to

file in open court their joint and several petitions, setting out in full the nature of their claims, and praying that the parties named therein be made parties thereto, by proper process, and that they be required to answer; that the cause be again referred to the commissioner, to ascertain whether or not they were entitled to liens on the property of the debtor described in the bill of complaint; that all proper accounts be taken; and that a decree be entered decreeing them to have liens on the property aforesaid. By a decree in the cause, entered on May 9, 1925, the court overruled the exceptions of appellants and refused to grant the relief prayed for in their petitions, and confirmed the report of the commissioner. Appellants renewed their motions to have the court consider their several petitions, which motions were overruled; and appellants took exceptions to the ruling of the court.

The claim of T. A. Manley was for professional services as solicitor for the Flanagan Coal Company, consisting of the preparation of leases and representing the company in the settlement of suits against it and in negotiations for the loans of money, and for expenses connected therewith. The commissioner rejected this claim, because it appeared from the deposition of T. H. S. Curd filed in the suit, that there was a question as to the correctness of the claim. Mr. Curd, who was counsel for the Kanawha Banking & Trust Company in an action by that company against the Flanagan Coal Company, only attempts to testify as to his knowledge of McCarthy's services in that case; while Mr. Sullivan, the secretary of the Flanagan Coal Company, and also a director in the company, testified that McCarthy had been employed to represent the company at Welch, W. Va., in connection with the claim of the plaintiff in this suit, and had represented the company in other matters since that time; and that he had not been paid for any of his services.

The individual claims of Thomas E. Manley, John P. Crosby, C. D. Rishel, and W. J. McCarthy were for money loaned or advanced the defendant company, which they claim was secured by a deed of trust, executed by the company to Thomas A. McCarthy as trustee, June 28, 1924. The com-

missioner found that the coal company received the benefit of the sums claimed to have been so advanced, and reported the appellants' claims as valid, but as unsecured. His main reason for not giving these claims preference was that the appellants were all directors in the company, and at the time of the execution of the deed of trust knew of the failing condition of the company, and that it was very apparently an effort to create a preference in their favor constituting a fraud on the rights of other creditors.

There is no pleading in the record attacking the validity of the deed of trust in question; so that the question raised by the commissioner was not presented to the trial court, as provided by section 2 of chapter 74 of the Code. In *McDonald* v. *McDonald Planing Mill Co.*, 73 W. Va. 78, it was held: "A fraudulent conveyance will not be set aside unless attacked by proper pleading, supported by proof. The court will not set it aside on proof alone." And in the same connection, Judge WILLIAMS, in the opinion of the court, says: "But no question of fraud was raised by the pleading. It was therefore not presented to the court for decision. The case was not referred to the commissioner to enable defendants to establish a fraud; nor indeed, could it have been properly referred for that purpose. The question of fraud not having been presented by pleadings and passed on by the court below, we have no right to review it on this appeal." And there is no evidence justifying the finding of the commissioner that the company was in a failing condition. He reports that it is the owner of some 524 acres of land, in fee simple, and that from information based on an examination of the property and a report thereon, there yet remains unmined therein 1,575,000 tons of coal. If this coal is worth 6¼ cents per ton in place, it will be sufficient to pay all the indebtedness of the company, ascertained by the commissioner to be $98,853.87.

In addition to his claim under the deed of trust above referred to, the appellant Thomas A. Manley claims right of subrogation to the rights of the Bankers Pocahontas Coal Company, in the sum of $5,000.00, which he alleges he paid on a judgment held by said company against the Flanagan Coal Company, at the request of the debtor. He says he paid

this money directly to the creditor, which, if true, would entitle him to subrogation. The original amount of this creditor's judgment was $8,750.00; and the commissioner's report shows a credit of $5,000.00. Sullivan, secretary and bookkeeper of the Flanagan Coal Company, testified that $5,000.00 was paid on this judgment with money advanced by some one or more of the appellants; and elsewhere in his deposition, to the question, "Look there to your cash book and find where Thomas E. Manley paid to the Flanagan Coal Company the amount of the claim which he is making here," the witness, referring to the cash book, answered: "February, 1924, draft from Thomas E. Manley paid to Bankers Pocahontas Coal Company. Paid direct, does not appear in deposits, Five Thousand Dollars."

The claims of the endorsers on the fifteen thousand dollar note of the Flanagan Coal Company payable to the Citizens National Bank of Shenandoah, is based on a deed of trust executed to that company, September 6, 1913, to the said bank as trustee, to secure the parties of the third part therein, the endorsers and appellants, as makers and endorsers on three certain notes for the respective sums of $7,500.00, $7,500.00 and $6,000.00, dated April 21, 1913, due and payable to the said bank, or as makers or endorsers on any renewals, part renewal or part renewals thereof. The commissioner refused to give this claim priority, for the reason that: "this claim makes no reference to the deed of trust of September 6, 1913, and there is nothing in the evidence before your commissioner to connect the said note dated December 17, 1924, for the sum of $15,000.00, with the deed of trust referred to."

The bill filed in the cause sets out in full the provisions of this deed of trust, as having been executed prior to plaintiff's judgment, and purports to exhibit a copy of the same with the bill and as a part thereof. Mr. James P. Flanagan, general manager of the Flanagan Coal Company, testified that the debt secured by this deed of trust had been reduced to $15,000.00.

From the record as presented to us, the character of the evidence introduced to prove appellants' claims is as convincing as that adduced to prove most of the preferred claims

allowed. The judgment liens were proved only by the attorneys who testified that they had them in their hands for collection. They simply read into the record, before the commissioner, a list of the judgments. No transcripts, affidavits or other evidence appears in the record. The transcript of the record before us, under the certificate of the clerk of the circuit court, purports to be "a true and correct copy of the record in the case of Bankers Pocahontas Coal Co. v. Flanagan Coal Company." In view of the state of the record before us, we are constrained to say that it would be impossible to make a correct finding as to what claims before the commissioner should have preference. None of them are properly proved, though no exceptions were taken as to the greater number. The proper practice in such cases has been recently indicated in *Blumberg Bros.* v. *King*, 98 W. .Va. 275, and ought to be followed in this case.

From the record, the affidavits filed therein, and the petitions of appellants filed May 2, 1925, it appears that much evidence could be produced in support of appellants' claims; and we think this a case in which the principle a number of times affirmed by this court should be applied, namely, that where the record in a chancery cause discloses the fact that a final decree was entered before the cause had been properly developed on the vital issues involved and there is strong probability of the existence of decisive evidence which has not been adduced, this court will reverse the decree and remand the cause for further proceedings. *Holt* v. *Taylor*, 43 W. Va. 153; *Hager* v. *Melton*, 66 W. Va. 62; *Cook* v. *Raleigh Lumber Co.*, 74 W. Va. 503; *LaBelle Iron Works* v. *Quarter Savings Bank*, 74 W. Va. 569; *Woodrum Home Outfitting Co.* v. *Adams Express Co.*, 90 W. Va. 161; *Pyles* v. *Grimes*, 90 W. Va. 176; *Grocery Company* v. *Kinser*, 93 W. Va. 172. Appellants' petitions present a good case for the allowance of their preferred claims. They were not made parties to the suit. They made no appearance; though their claims were filed by their attorney before the commissioner.

The fact that appellants had their claims before the commissioner would not bind them, for it does not appear that

the court had before it the legal title to the property proceeded against. *Bilmyer* v. *Sherman,* 23 W. Va. 656; *Jackson County Bank* v. *First National Bank of Ripley,* 89 W. Va. 165, and cases cited. It is true the Citizens National Bank of Shenandoah was made a party as a creditor, but not in its official capacity as trustee in the deed of trust set out in the bill. And the trustee in the deed of trust of June 28, 1924, was not made a party, though the deed was on record in the office of the clerk of the county court of McDowell County, West Virginia. We think that the appellants should be heard upon their petitions filed May 2, 1925.

For the foregoing reasons, the decree below will be reversed and the cause remanded for further proceedings to be had therein in accordance with the rules and principles herein enumerated, and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*