JOHN MICHAEL LEWIS, *et al.*

v.

SHEFFEK ASSEFF, *et al.*

(No. 10823)

Submitted January 16, 1957. Decided April 9, 1957.

*Stanley E. Preiser,* for appellants.

*D. Boone Dawson, Charles M. Love,* for appellees.

GIVEN, JUDGE:

John Michael Lewis and Mildred C. Lewis, husband and wife, hereinafter referred to as plaintiffs, brought this suit in the Circuit Court of Kanawha County, praying for a mandatory injunction requiring defendants, Sheffek Asseff and Alex Asseff, to return to the plaintiffs the Nitro Super Market, consisting of a stock of groceries and other merchandise, fixtures and appliances, and enjoining defendants from interfering with or annoying plaintiffs in the conduct of such business.

The bill of complaint alleges: That plaintiffs were the

owners of the Nitro Super Market on and before January 17, 1956; that on that day, defendant Sheffek Asseff approached John Lewis and offered to purchase the business for the sum of $20,000.00; that John Lewis signed a paper writing as follows: "I agree to sell Nitro Super Mkt. including stock & fixtures for the sum of 20,000 & pay all debts to Jan. 17 & including truck all back debts are payable by Jan. 17."; that at the time he signed such writing, John Lewis was under considerable emotional strain because of marital difficulties, and was in a mood to dispose of all of his property by way of retribution against his wife, plaintiff Mildred C. Lewis; that subsequent thereto, the interest of Mildred C. Lewis being made known to defendant Sheffek Asseff, he and John Lewis went to the home of Mildred C. Lewis and demanded that she sign the above quoted writing; that upon her refusal to do so, John Lewis, in the presence of Sheffek Asseff, threatened to close the business and leave the state, and acted in such a violent and threatening manner that Mildred Lewis, under fear of physical harm, signed the paper; that upon obtaining her signature, Sheffek Asseff gave to the plaintiffs a check for $1,500.00 with the notation thereon: "Dep. on Business Bal. on Completion of Sale.", whereupon, upon demand, John Lewis threw the keys to Sheffek Asseff; that early the next morning, January 18, 1956, John Lewis approached Asseff, disavowed any intention to sell the business, and demanded the return of the keys, which keys Asseff refused to return; that the reasonable market value of the stock, fixtures, etc., of the business was $35,000.00; and that the $1,500.00 check was dishonored by the bank on which it was drawn for the reason that "sufficient funds" were not on deposit in the bank.

The bill further alleges that if the paper writing is, in fact, a contract, that it is only an executory agreement to sell at some future date, but that there was, in fact, no meeting of the minds between defendants and plaintiff John Lewis, because of his emotional state of mind; or defendants and Mildred C. Lewis, because of duress,

and, therefore, no contract was consummated. The bill then concluded with the above mentioned prayer for injunctive relief, for an accounting as to "merchandise sold", for "profits realized from the sale" of merchandise, and for damages for "wrongful taking of possession of said store."

Defendants demurred to the bill of complaint on the grounds that plaintiffs have an adequate remedy at law, and that the bill does not state a cause of action. The demurrer was sustained as to the plaintiff John Lewis, and overruled as to the plaintiff Mildred C. Lewis. The plaintiffs renewed their motion for a temporary injunction and defendants answered separately, Alex Asseff denying any knowledge or claim of interest in the business; Sheffek Asseff denying the allegations of duress and asserting that the contract was amicably concluded, and that all parties thereafter took a course of action indicating their belief that the business had been sold. The answer then alleges the removal of sufficient funds to cover the $1,500.00 check because of plaintiffs' failure to submit a list of creditors in compliance with Code, 40-2-1, commonly known as the Bulk Sales Law.

After argument, the motion for a temporary injunction was denied by order of the circuit court entered March 21, 1956. The plaintiffs thereupon presented a petition to this Court praying for an injunction, which this Court granted on April 4, 1956. It must be observed that in the memorandum opinion refusing the preliminary mandatory injunction, the trial court considered only the rights of the plaintiff Mildred C. Lewis, for the reason that the defendants' demurrer to the bill of complaint, in so far as it sought relief by the plaintiff John Michael Lewis, had been sustained, and he having not elected to amend. The court observed that replications to the separate answers of Sheffek Asseff and Alex Asseff had not been filed, but it appears from the record that replications were filed to the separate answers of both Alex Asseff and Sheffek Asseff by John Michael Lewis and Mildred C. Lewis on March 2, 1956.

The defendants, on April 6, 1956, moved the circuit court for dissolution of the temporary injunction, or, in the alternative, for appointment of a receiver. At that time, plaintiffs appeared and moved the court to defer any action upon defendants' motion until a hearing on the merits of the case, and asserted their readiness to proceed with the evidence. On April 9, 1956, the motion of plaintiffs was overruled, a hearing was had upon the question of appointing a receiver, and, on April 13, 1956, an order was entered dissolving the temporary injunction awarded by this Court, on April 4, 1956, the court indicating that it would on its own motion appoint a special receiver. No special receiver was appointed. This Court granted an appeal and supersedeas on April 23, 1956. Thus, it will be seen that the temporary injunction awarded by this Court was dissolved by the circuit court, without affording the parties an opportunity to be heard on the merits, and without any immediate action necessary to protect the interests of the parties as to the possession or sale of the property in dispute.

The plaintiffs assign as error the circuit court's action in: (1) Sustaining the demurrer to the bill of complaint as to John Michael Lewis; (2) proceeding to dissolve the temporary injunction prior to a full hearing upon the merits; and (3) holding that a receiver for the property in controversy should be appointed.

Code, 53-5-5, provides that: "When a circuit court, or a judge thereof, shall refuse to award an injunction, a copy of the orders entered in the proceedings in court, and the original papers presented to the court or to the judge in vacation, with his order or refusal, may be presented to the supreme court of appeals, or a judge thereof in vacation, who may thereupon award the injunction."

The allegations of the bill of complaint, referred to above, were sufficient to bring the defendants into a court of equity. Thereafter, an answer and amended answer, supported by *ex parte* affidavits denying material allegations of the bill, were filed, and, before the entry of the decree dissolving the temporary injunction, repli-

cations to the answers were filed. In *Shinn et al.* v. *Board of Education, et al.,* 39 W. Va. 497, 20 S. E. 604, Judge Holt, speaking for this Court, stated in the opinion that the practice of considering *ex parte* affidavits in support of or against a motion to dissolve an injunction was an established practice by the courts of this State. It was stated in the opinion that "* * * How far and with what effect *ex parte* affidavits may be read in support of the bill and of the answer *pro* and *con* on a motion to dissolve it is not easy to say * * *". We think it clear, however, that the use of such affidavits is limited to the consideration of such a motion, and not to the consideration of a case on its merits. See *Densmore* v. *County Court of Mercer County,* 106 W. Va. 317, 145 S. E. 641; *Mauch Chunk National Bank* v. *Shrader,* 74 W. Va. 310, 81 S. E. 1121; *Cooper* v. *Bennett,* 70 W. Va. 110, 73 S. E. 260; *Williamson* v. *Jones,* 39 W. Va. 231, 270, 19 S. E. 436; *Noyes* v. *Vickers,* 39 W. Va. 30, 19 S. E. 429.

We do not doubt the power of a trial court to dissolve, in a proper case, a temporary injunction awarded by this Court pursuant to the authority vested in it by Code, 53-5-5, quoted above. In *Nichols* v. *Central Virginia Power Co.,* 143 Va. 405, 130 S. E. 764, under a similar statute, the Court stated that a trial court: "* * * after reasonable notice, has the unquestioned power to dissolve an injunction granted by one of the judges of the Supreme Court of Appeals, who acts, not in an appellate capacity, but as a judge of another court of co-ordinate jurisdiction * * *". In the opinion, however, the Court stated that where an injunction had been awarded by one of the judges of the appellate court, "we assume" that it will not be "precipitately dissolved".

A further statement as to the proceedings subsequent to April 4, 1956, is necessary to a determination of the issue herein presented. After the temporary mandatory injunction was issued by the three Judges of this Court, Sheffek Asseff, on April 5, 1956, served notice upon the plaintiffs that he would, on April 6, 1956, move the Circuit Court of Kanawha County to dissolve such tempor-

ary injunction, or, in the alternative, to appoint a receiver. On April 6, 1956, the plaintiffs appeared and orally moved the court to defer any action upon the motion to dissolve until after a full hearing on the merits of the bill. The defendant, Sheffek Asseff, then filed his amended answer, to which he attached a photostatic copy of what he alleged to be the true paper writing executed by the parties on January 17, 1956, which is similar to, but not identical with, the paper writing alleged in the bill of complaint. The motion to dissolve was argued and the case then continued until April 9, 1956. On that day, the plaintiffs appeared and filed their general replication to the amended answer, and a special replication alleging that the contract attached thereto was not the one signed by the plaintiffs. The defendant tendered to the court, and asked leave to file, his written petition for the dissolution of the injunction, or, in the alternative, for the appointment of a receiver, and in support thereof tendered the affidavits of Isaac Bolt and Jo Ann Bowles, which leave was granted. The petition was thereafter filed on April 11, 1956, and the supporting affidavits on April 13, 1956. The affidavits of Bolt and Bowles state, *inter alia,* that prior to January 17, 1956, they were employed by the Lewises as butcher and cashier, respectively, at the Nitro Super Market, and continued in those capacities after January 17, 1956, as employees of Asseff until the Lewises, by virtue of the injunction, re-took possession of the business on April 5, 1956; and that "there was six (6) times as much stock in the store" on April 5, 1956, as there had been on January 18, 1956, when Asseff took control of the business. Also, on April 9, 1956, the plaintiffs filed their written motion to defer any ruling upon defendants' motion to dissolve as follows: "Comes now the plaintiffs, and humbly request the Court to defer action on the defendants' motion to dissolve the temporary injunction, until a full hearing is had on the merits, and the plaintiffs intend to and will proceed promptly to offer proof to sustain their allegations."

In *Amherst Coal Co.* v. *Prockter Coal Co.,* 81 W. Va.

292, 94 S. E. 145, this Court held: "Upon an appeal from an interlocutory order dissolving an injunction upon bill and answer accompanied by affidavits, this court does not consider the pleadings and informal proof further than is necessary to enable it to determine the propriety and correctness of the dissolution order. It will not in this manner determine the rights of the parties, but will reinstate the injunction and remand the cause for formal proof by the usual and regular procedure, where it appears the injunction was dissolved prematurely." Even after final decree in a chancery cause, where the record clearly discloses strong probability of the existence of decisive evidence not produced which would affect the rights of the parties differently from those adjudicated, the decree will, usually, at least, be reversed. "2. Where the record in a chancery suit discloses the fact that a final decree was entered before the cause had been properly developed upon the vital issues involved, and it appears that there is strong probability of the existence of decisive evidence which by some misapprehension of law the parties have omitted to produce, this court will reverse the decree and remand the cause for further proceedings." *Bankers Pocahontas Coal Company* v. *Flanagan Coal Company et al.,* 100 W. Va. 707, 131 S. E. 545. See *Hummel* v. *Marshall,* 95 W. Va. 42, 120 S. E. 164; *Pyles* v. *Grimes,* 90 W. Va. 176, 110 S. E. 556; *Hager* v. *Melton, Sheriff,* 66 W. Va. 62, 66 S. E. 13; *Herold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466.

In view of the authorities cited, and in view of the facts alleged in the pleadings and the relief sought, on the contention that the sales contract is invalid, and in view of the nature of the property over which this controversy exists, we are of the opinion that the trial court erred in dissolving the temporary injunction issued on April 4, 1956, and that the injunction should be reinstated.

Complaint is made that the trial court erred in sustaining the demurrer to the bill of complaint as to John Michael Lewis. The order sustaining the demurrer, how-

ever, is not a final order. The bill, perhaps, may yet be amended. Complaint is also made as to the insufficiency of the amount of the injunction bond required by this Court on the awarding of the temporary injunction. The record does not disclose, however, that any motion relating to that question was made to or considered by the circuit court.

The judgment of the circuit court dissolving the temporary injunction awarded April 4, 1956, is reversed, the temporary injunction is reinstated, and this cause is remanded to the Circuit Court of Kanawha County for such further proceedings, cognizant in a court of equity, as the parties may be advised, not inconsistent with the views expressed in this opinion.

> *Reversed; temporary injunction reinstated; remanded with directions.*

BROWNING, JUDGE, dissenting:

I respectfully dissent from the decision of the Court, believing that the action of the trial chancellor in dissolving the injunction was a matter within his judicial discretion, and that such discretion was not abused upon the pleadings and evidence before him. There can be no question about the applicable general principles. The decisions of this Court are uniform to the effect that it is within the judicial discretion of a trial chancellor whether a temporary injunction shall be dissolved or continued in effect. The *City of Huntington* v. *Greene Line Terminal Company*, 126 W. Va. 463, 28 S. E. 2d. 905; *Kessel, et al.* v. *Cohen, et al.*, 104 W. Va. 296, 140 S. E. 15.

Although there are exceptions, there can be no doubt that the general rule is to the effect that, where the answer fully and plainly denies the material allegations of the bill, the injunction should be dissolved on motion in the absence of proof of such allegations. *Robrecht* v. *Robrecht, et al.*, 46 W. Va. 738, 34 S. E. 801. In the *Robrecht* case, this Court refused to disturb the ruling of the trial chancellor in not dissolving the injunction, but

the Court plainly points out that the facts brought the cause within the exception to the general rule, and many cases are cited in the opinion in support of the general rule heretofore stated.

As pointed out in the majority opinion, this Court has not heretofore passed upon the question of the weight which a trial chancellor should give to a temporary injunction awarded by this Court, or a Judge thereof in vacation, under the provisions of Code, 53-5-5. The Virginia Court, in construing a statute similar to ours, first held that mandamus would lie to compel a trial judge to carry out the order of an appellate judge who had granted an injunction, and that the trial judge should not dissolve such an injunction. However, as is also noted in the majority opinion, these earlier decisions of the Virginia Court were overruled in *Nichols* v. *Central Virginia Power Co.,* 143 Va. 405, 130 S. E. 764, and it was there held that an injunction granted by the appellate court, or a judge thereof in vacation, was of the same effect as a temporary injunction granted by a trial chancellor.

It will be observed from the facts stated in the majority opinion that, after the granting of the temporary injunction by three Judges of this Court, an amended answer was filed by one of the defendants and two affidavits were filed in support of the motion to dissolve, all of which information was not before the Court when the injunction was granted. Furthermore, a hearing was held before the trial chancellor upon the petition of the defendant Sheffek Asseff for the appointment of a receiver, which evidence was not transcribed and is not a part of this record. However, it must be presumed that any action which the trial chancellor took upon the evidence he heard was proper, in the absence of a showing to the contrary, and it is inconceivable that such evidence would not have been pertinent as to the question of dissolution of the injunction, as well as to the appointment of a receiver.

. It is my opinion that it has not been shown that the

discretion of the trial chancellor was not soundly exercised, and, in the absence of such a showing, his decree should not be disturbed. *Kessel, et al.* v. *Cohen, et al., supra.*

Although I think it would be indiscreet to discuss at length the issues here presented, because the case is going back for further proceedings, it must be observed that the trial chancellor sustained the defendants' demurrer to the bill of complaint as to John Michael Lewis, but overruled such demurrer as to his wife Mildred C. Lewis, the other plaintiff. It was upon the allegations of the bill as to his duress upon the co-plaintiff Mildred C. Lewis, that his wife was able to state a cause of action cognizable in a court of equity, although the male plaintiff was out of the case because the bill showed him to be without clean hands. No amended bill was thereafter filed in behalf of the male plaintiff, and the record, as it presently stands, shows no evidence which would justify the trial chancellor in reversing his ruling in sustaining the defendants' demurrer as to him. Thereafter, he was permitted to obtain all of the rights and benefits of his wife, the co-plaintiff, and, by the injunction order entered by this Court on April 4, 1956, the defendants were directed to deliver possession and control of the grocery store business in question "to the plaintiffs John Michael Lewis and Mildred C. Lewis." The evidence presented to the trial chancellor thereafter shows that both plaintiffs did enter into and take possession of the business, the stock of which was, as shown by evidence which is undenied at the present time, six times greater than at the time the defendants had assumed control of it, and that, among other things, they took $800.00 from the cash register on the day the injunction was served. In other words, a plaintiff, who was in a court of equity because of allegations against her co-plaintiff, which put him out upon demurrer because of unclean hands, grasped the hands of her co-plaintiff and permitted him to do indirectly what he could not have done directly. Without saying more, it is my opinion that the trial chancellor did not abuse his discretion in dissolving

the injunction upon the pleadings and all of the facts before him, particularly those which came to his attention after the temporary injunction was granted by three Judges of this Court. I would affirm the decree of the trial chancellor by which the injunction was dissolved.

I am authorized to state that Judge Haymond concurs in the views expressed in this dissent.